**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| JOHN J. WITTRIG, | ) | 3:11-cv-00131-ECR-VPC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| FIRST NATIONAL BANK OF NEVADA; | ) | |
| FIRST AMERICAN TITLE INSURANCE | ) | |
| COMPANY; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC. [MERS]; | ) | |
| QUALITY LOAN SERVICE CORP.; | ) | |
| AMERICA'S SERVICING COMPANY; LSI | ) | |
| TITLE AGENCY, INC.; ROBERT STONE; | ) | |
| U.S. BANK NATIONAL ASSOCIATION AS | ) | |
| TRUSTEE FOR CSMC MORTGAGE-BACKED | ) | |
| PASS-THROUGH CERTIFICATES, SERIES | ) | |
| 2007-3; and DOES 1-25 | ) | |
| CORPORATIONS, DOES and ROES 1-25 | ) | |
| Individuals, Partnerships, or | ) | |
| anyone claiming any right, title, | ) | |
| estate, lien or interest in the | ) | |
| real property described herein. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a homeowner who alleges that he is the victim of a predatory lending scheme perpetuated by Defendants.  Now pending are Plaintiff's Motion to Remand (#6), Defendants'' Motion to Dismiss (#5), and Defendants' Motion to Dismiss Plaintiff's Complaint to Quiet Title and Other Equitable Relief and to Expunge Lis Pendens (#17).

///

# I. Background

On May 3, 2005, Plaintiff executed a note in the amount of $458,500.00 secured by a deed of trust on the property located at 870 Rojo Way, Gardnerville, Nevada ("Subject Property").  (Deed of Trust, Ex. 1 at 1 (#5-1).)[1]  The lender on the deed of trust was First National Bank of Nevada.  (Id.)  The trustee on the deed of trust was First American Title Insurance Company.  (Id. at 2.) Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and "the beneficiary" under the deed of trust.  (Id.)

On March 24, 2010, LSI Title Agency, Inc., as agent for Quality Loan Service Corporation ("Quality"), acting as agent for the beneficiary, recorded a notice of default and election to sell. (Notice of Default, Ex. 4 (#5-4).)  On May 5, 2010, MERS as nominee for First National Bank of Nevada assigned the deed of trust to U.S. Bank National Association, as Trustee for CSMC Mortgage Pass-Through Certificates, series 2007-3 ("U.S. Bank").  (Assignment of Deed of Trust, Ex. 2 (#5-2).)  On May 27, 2010, U.S. Bank recorded a substitution of trustee appointing Quality as the foreclosure trustee.  (Substitution of Trustee, Ex. 3 (#5-3).)  On December 21, 2010, Quality recorded a notice of sale scheduling the Subject Property for auction on January 12, 2011.  (Notice of Trustee's Sale, Ex. 5 (#5-5).)

---

[1] Defendants request judicial notice of the deed of trust and other exhibits.  Under Federal Rule of Evidence 201, a court may judicially notice matters of public record.  Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004).  Therefore, we take judicial notice of these public records in the Douglas County Recorder's office.

2

On February 1, 2011, Plaintiff filed this action in state court.  (Compl. (#1-1).)  On February 22, 2011, Quality removed the action to this Court.  (Pet. Remov. (#1).)  On March 20, 2011, LSI Title Agency, Inc. filed a Joinder In Removal and Quality Loan Service Corporation's Motion to Dismiss (#7).

On March 7, 2011, Defendant Quality filed a Motion to Dismiss (#5).  On March 25, 2011, Plaintiff filed an opposition (#12) to Defendants' Motion to Dismiss (#5).  On March 26, 2011, Defendants Quality and LSI Title Agency, Inc. filed a reply (#13) in support of the Motion to Dismiss (#5).

On March 9, 2011, Plaintiff filed a Motion to Remand to State Court (#6).  On March 20, 2011, LSI Title Agency, Inc. and Quality filed an opposition (#9) to Plaintiff's Motion to Remand (#6).  On March 24, 2011, Defendant Wells Fargo Bank, N.A. d/b/a America's Servicing Company, sued as America's Servicing Company ("Wells Fargo") joined in the opposition (#9) to Plaintiff's Motion to Remand (#6).  On March 30, 2011, Plaintiff filed a reply (#15) in support of his Motion to Remand (#6). On April 15, 2011, Defendant Wells Fargo filed a Motion to Dismiss and to Expunge Lis Pendens (#17).  Plaintiff opposed (#20), and Defendant replied (#21).

## II. Plaintiff's Motion to Remand (#6)

Quality removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Pet. Remov. ¶ 3 (#1).)  Quality asserted that the citizenship of First American Title Insurance Company and Robert Stone "does not impact diversity

3

1 because they was [sic] fraudulently joined to this action." (<u>Id.</u> ¶

2 6.)

3      Plaintiff seeks to remand this case to state court on the basis

4 that there is not complete diversity. 28 U.S.C. § 1332 provides

5 that district courts "shall have original jurisdiction of all civil

6 actions where the matter in controversy exceeds the sum or value of

7 $75,000" and is between "citizens of different States." When a

8 defendant has been fraudulently joined, complete diversity with

9 respect to that defendant is not necessary for diversity

10 jurisdiction. <u>Hunter v. Philip Morris USA</u>,. 582 F.3d 1039, 1043

11 (9th Cir. 2009). Joinder is fraudulent "if the plaintiff fails to

12 state a cause of action against a resident defendant, and the

13 failure is obvious according to the settled rules of the state."

14 <u>Id.</u> (internal citations omitted.)

15      Pursuant to Nevada law, a person signing an instrument as a

16 representative is not personally liable on the instrument so long as

17 the "signature shows unambiguously that the signature is made on

18 behalf of the represented person who is identified in the

19 instrument." NEV. REV. STAT. § 104.3402(2)(a); <u>see also</u> <u>Seigworth v.</u>

20 <u>State</u>, 539 P.2d 464, 539 (Nev. 1975) ("Unless otherwise agreed, a

21 person making or purporting to make a contract with another as agent

22 for a disclosed principal does not become a party to the

23 contract."). Because Plaintiffs freely admit that Robert Stone

24 signed the document as an agent, Plaintiffs have no claim against

25 Robert Stone. Therefore, we find that Robert Stone was fraudulently

26 joined solely to defeat complete diversity and decline to remand the

27 matter based on Robert Stone's citizenship.

28

4

1    First American Title Insurance Company was the original trustee
2  on the deed of trust.  On May 27, 2010, Quality was substituted as
3  the new trustee.  (Substitution of Trustee, Ex. 3 (#5-3).)
4  Defendants assert that Fire American Title Insurance Company no
5  longer has any record interest in the deed of trust or the Subject
6  Property, and therefore Plaintiff has no causes of action against
7  it.  (Defs' Opp. Mot. Remand at 4 (#9).)  Plaintiff responds that
8  the appointment of Quality as new trustee was invalid, and therefore
9  First American Title Insurance Company is the present trustee of the
10 deed of trust.  (Pl's Reply at 3 (#15).)  This argument is addressed
11 below with respect to the Motion to Dismiss (#5).  However, we note
12 that Plaintiff has not yet served First American Title Insurance
13 Company.  A Notice Regarding Intention to Dismiss Pursuant to Rule
14 4(m) (#28) was issued on September 16, 2011, providing that the
15 action shall be dismissed with respect to First American Title
16 Insurance Company unless Plaintiff files a proof of service by
17 October 16, 2011.  Plaintiff has not done so, nor has he shown good
18 cause for failure to serve, and therefore, First American Title
19 Insurance Company, along with the other defendants named in the 4(m)
20 Notice (#28), Robert Stone, U.S. Bank National Association, and
21 First National Bank of Nevada, shall be dismissed.

22    Because Robert Stone and First American Title Insurance Company
23 shall be dismissed due to lack of service and because Plaintiff has
24 not stated plausible claims against them, Plaintiff's Motion to
25 Remand (#6) shall be denied.
26 ///
27 ///
28                                  5

1

## III. Defendants' Motions to Dismiss (## 5, 17)

2  Defendants move this Court to dismiss Plaintiff's Complaint
3 with prejudice for failure to state a claim upon which relief can be
4 granted.  We address Defendants' arguments with respect to each of
5 Plaintiff's claims in the Complaint (#1-1) below.

6  **A. Claim for Debt Collection Violations**

7  Plaintiff's first cause of action is for debt collection
8 violations.  Plaintiff alleges that Defendants violated Nev. Rev.
9 Stat. § 649.370, which provides that violations of the Federal Fair
10 Debt Collection Practice Act ("FDCPA") are violations of Nevada law.
11 Plaintiff's claim fails as a matter of law because foreclosure
12 pursuant to a deed of trust does not constitute debt collection
13 under the FDCPA.  Camacho-Villa v. Great W. Home Loans, No. 3:10-cv-
14 00210, 2011 WL 1103681 at *4 (D. Nev. Mar. 23, 2011).  Therefore,
15 Plaintiff's first claim must be dismissed without leave to amend.

16  **B. Violation of Unfair and Deceptive Trade Practice Act**

17  Plaintiff's second cause of action for violation of the Nevada
18 Unfair and Deceptive Trade Practice Act, Nev. Rev. Stat. § 598.0923,
19 also fails as a matter of law.  The statute provides that a person
20 engages in deceptive trade practices when he or she knowingly
21 conducts his or her business or occupation without all required
22 state, county, or city licenses.  NEV. REV. STAT. § 598.0923(1).
23 However, the statutes explicitly state that the following activities
24 do not constitute doing business in Nevada: (1) maintaining,
25 defending or settling any proceeding; (2) creating or acquiring
26 indebtedness, mortgages and security interests in real or personal
27 property; and (3) securing or collecting debts or enforcing

28
6

1  mortgages and security interests in property securing the debts.

2  Nev. Rev. Stat. § 80.015(1)(a), (g), (h).  Because Defendants are

3  explicitly exempted from the need to acquire licenses, the Court

4  dismisses Plaintiff's second cause of action without leave to amend.

5    **C. Violation of Unfair Lending Practices**

6    Plaintiff's third cause of action for unfair lending practices

7  in violation of Nev. Rev. Stat. § 598D.100 is time-barred.  The

8  statute of limitations for "[a]n action upon a liability created by

9  statute" is three years.  Nev. Rev. Stat. § 11.190(3)(a).  Plaintiff

10 obtained the loan at issue in 2005, and filed this action in 2011.

11 Plaintiff's claim for unfair lending practices is therefore untimely

12 and must be dismissed without leave to amend.

13   **D. Violation of the Covenant of Good Faith and Fair Dealing**

14   Plaintiff's fourth cause of action for breach of the covenant

15 of good faith and fair dealing also fails as a matter of law.  In

16 Nevada, "[e]very contract imposes upon each party a duty of good

17 faith and fair dealing in its performance and execution." <u>A.C. Shaw</u>

18 <u>Constr. v. Washoe Cty.</u>, 784 P.2d 9, 9 (Nev. 1989) (quoting

19 Restatement (Second) of Contracts § 205).  This duty requires each

20 party not to do anything to destroy or otherwise injure the rights

21 of the other to receive the benefits of the contract.  <u>Hilton Hotels</u>

22 <u>Corp. v. Butch Lewis Prods., Inc.</u>, 808 P.2d 919, 923 (Nev. 1991).

23 To prevail on a cause of action for breach of the covenant of good

24 faith and fair dealing, a plaintiff must show that (1) the plaintiff

25 and defendant were parties to a contract; (2) the defendant owed

26 plaintiff a duty of good faith and fair dealing; (3) the defendant

27 breached the duty by performing in a manner unfaithful to the

28                                     7

1  purpose of the contract; and (4) the plaintiff's justified

2  expectations were denied.  Perry v. Jordan, 900 P.2d 335, 338 (Nev.

3  1995) (citing Hilton Hotels, 808 P.2d at 922-23).

4      Plaintiff asserts that Defendants breached the covenant of good

5  faith and fair dealing because Defendants "offered the Plaintiff

6  consideration for loan modifications, told him that the foreclosures

7  would be postponed but they were not."  (Compl. ¶ 95 (#1-1).)

8  Because there is no loan modification contract, and because none of

9  these actions, even if true, contravene the intention or spirit of

10  the existing contract between Plaintiff and Defendants, Plaintiff's

11  claim for breach of the covenant of good faith and fair dealing must

12  be dismissed without leave to amend.

13      **E. Wrongful Foreclosure under Nev. Rev. Stat. § 107.080**

14      In general:

15      [W]rongful foreclosure will lie if the trustor or mortgagor
        can establish that at the time the power of sale was
16      exercised or the foreclosure occurred, no breach of
        condition or failure of performance existed on the
17      mortgagor's or trustor's part which would have authorized
        the foreclosure or exercise of the power of sale.

18

19  Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev.

20  1983); see also Cervantes, 656 F.3d at 1044 (plaintiffs cannot state

21  a claim for wrongful foreclosure while in default).  "Even if MERS

22  were a sham beneficiary, the lenders would still be entitled to

23  repayment of the loans and would be the proper parties to initiate

24  foreclosure after the plaintiffs defaulted on their loans."

25  Cervantes, 656 F.3d at 1044.  Because Plaintiff admits that he is in

26  default (Opp. Mot. Dismiss at 14 (#20)), Plaintiff has not satisfied

27

28                                  8

1  the requirements for bringing a general claim for wrongful

2  foreclosure.

3       Plaintiff's fifth cause of action, violation of Nev. Rev. Stat.

4  § 107.080 et seq., appears to allege that Defendants foreclosed

5  without authority to do so under Nev. Rev. Stat. § 107.080, a

6  variation of wrongful foreclosure based on violation of state

7  recording and foreclosure statutes.  Specifically, Plaintiff alleges

8  that Quality should not have initiated foreclosure proceedings

9  before being substituted as trustee, that Plaintiff needs to see the

10 "original note with proper endorsements" in order to determine who

11 the true holder of the note is, and that Wells Fargo, the servicer

12 of the Note, was not a holder in due course of the note, holder of

13 the security interest, or the agent of the party that is the holder

14 in due course and holds the security interest in the Subject

15 Property.

16      Nevada Revised Statutes § 107.080 provides that the power of

17 sale in real property may not be exercised until:

18      The beneficiary, the successor in interest of the
        beneficiary or the trustee first executes and causes to be
19      recorded in the office of the recorder of the county
        wherein the trust property, or some part thereof, is
20      situated a notice of the breach and of the election to
        sell or cause to be sold the property to satisfy the
21      obligation.

22 NEV. REV. STAT. § 107.080 2.(c).  The "Notice of Breach and Default

23 and of Election to Cause Sale of Real Property Under Deed of Trust"

24 was signed by Quality as agent for beneficiary.  (Notice of Sale,

25 Ex. 4 (#5-4).)  Plaintiff complains that Quality did so "without

26 referencing a single document establishing any such association."

27 (Compl. ¶ 91 (#1-1).)  Quality was not formally substituted as the

28                                    9

1    foreclosure trustee until after it issued the notice of sale.  This

2    timeline, however, appears to be fairly common in foreclosure

3    scenarios, and Plaintiff does not dispute that an agent of the

4    beneficiary may record the notice of sale.  Plaintiff is arguing

5    that there is not enough evidence that Quality was an agent

6    authorized to record the notice of sale.

7         In <u>Karl v. Quality Loan Service Corp.</u>, this district noted that

8    Quality was neither the trustee nor the beneficiary when it recorded

9    the notice of default, but claimed on the notice of default to be

10   the agent for the beneficiary.  759 F.Supp.2d 1240, 1246 (D. Nev.

11   2010).  The court in <u>Karl</u> stated that "[a]lthough MERS is not a

12   beneficiary, its agency for the beneficiary under the [deed of

13   trust] extends to administering the [deed of trust] for purposes of

14   foreclosure."  <u>Id.</u>  The court further stated that:

15           [T]here is no defect in foreclosure here under section
             107.080(2)(c), as there is in cases where a purported
16           trustee who is named nowhere on the [deed of trust], and
             for whom evidence of substitution as trustee appears
17           nowhere, files a [notice of default]. . . . There is no
             question of fact that [Quality] filed the [notice of
18           default] as the agent of MERS, who was the agent of the
             beneficiary UAMC, and the foreclosure was therefore not
19           improper under section 107.080(2)(c).

20   <u>Id.</u>  No party on whose behalf agency was claimed has come forth

21   disputing that fact.   Furthermore, Quality's formal substitution as

22   trustee after signing the notice as an agent appears to show, at the

23   least, ratification of the previously-claimed agency.

24        Plaintiff cites <u>Kartman v. Ocwen Lan Servicing, LLC</u> as support

25   for its claim.  No. 2:09-cv-02404-GMN-PAL, 2010 WL 3522268 (D. Nev.

26   Sep. 1, 2010).  <u>Kartman</u>, however, is distinguishable.  The court

27   stated that "[i]n Nevada, the power of sale cannot be exercised

28
                                      10

1  until one of two particular entities-the beneficiary or the trustee-
2  or an agent thereof, records the [notice of default]."  <u>Id.</u> at *1.
3  The court finds a defect in the foreclosure because the foreclosing
4  entity in that case was neither the beneficiary nor the trustee, nor
5  an agent thereof.  In our case, Quality signs as agent of the
6  beneficiary.  Because Quality was not signing as a stranger to the
7  note or deed of trust, we reject Plaintiff's argument that Quality
8  did not have the authority to record the notice of sale.

9      Plaintiff also states that the assignment of deed of trust by
10  MERS to U.S. Bank National Association as trustee for CSMC Mortgage-
11  backed Passthrough Certificates, Series 2007-3 was improper because
12  MERS has no authority to transfer such interests.  This district has
13  held that while the attempts to label MERS as a beneficiary are
14  improper because MERS is not a beneficiary and does not hold legal
15  title, the intention of the parties is clear that MERS was to be
16  given "the broadest possible agency on behalf of the owner of the
17  beneficial interest in the underlying debt.  Such agency would
18  include the ability to sell the interest in the debt."  <u>Smith v.</u>
19  <u>Cmty. Lending, Inc.</u>, 773 F.Supp.2d 941, 944 (D. Nev. 2011).  In
20  <u>Smith</u>, the court further noted that MERS may "directly transfer the
21  interest in the deed of trust itself, and the interest in the note
22  may follow the interest in the deed of trust as a matter of law."
23  <u>Id.</u> (citing Restatement (Third) of Property (Mortgages) § 5.4(b).)

24      In <u>Cervantes v. Countrywide Home Loans, Inc.</u>, the Ninth Circuit
25  considered wrongful foreclosure claims based on alleged procedural
26
27
28                                11

1   defects.   656 F.3d 1034, 1044 (9th Cir. 2011).[2]   The Ninth Circuit

2   held that "[e]ven if we were to accept the plaintiffs' premises that

3   MERS is a sham beneficiary and the note is split from the deed, we

4   would reject the plaintiffs' conclusion that, as a necessary

5   consequence, no party has the power to foreclose."  Id.  Plaintiff's

6   arguments that Nevada's foreclosure statutes were violated by the

7   facts that the note was never presented, the note was split from the

8   deed, and other similar arguments have been repeatedly rejected in

9   this Court, and shall be dismissed without leave to amend.

10      **F. Quiet Title**

11      Plaintiff's sixth cause of action is for quiet title.  In

12  Nevada, a quiet title action may be brought "by any person against

13  another whom claims an estate or interest in real property, adverse

14  to the person bringing the action, for the purpose of determining

15  such adverse claim."  Nev. Rev. Stat. § 40.010.  "In a quiet title

16  action, the burden of proof rests with the plaintiff to prove good

17  title in himself."  Breliant v. Preferred Equities Corp., 918 P.2d

18  314, 318 (Nev. 1996).  "Additionally, an action to quiet title

19  requires a plaintiff to allege that she has paid any debt owed on

20  the property."  Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-

21  00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing

22  Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2

23  (Cal. App. 2d June 1, 2011).  Plaintiff has failed to allege that he

24  is not in breach of the loan agreement.  While Plaintiff does not

25

26      [2] The Ninth Circuit case reviewed a case brought under Arizona

27  law.  The conclusions of the Ninth Circuit, however, are equally
    applicable under Nevada law.

28                              12

1 expressly admit to being in default on the loan, the complaint, read
2 as a whole, and taking all allegations in favor of Plaintiff, does
3 not show even the barest hint of a dispute over whether Plaintiff
4 was in default.  Rather, Plaintiff is challenging the procedure with
5 which foreclosure was initiated against him, not that the loan was
6 not in default.  Accordingly, the quiet title claim must be
7 dismissed without leave to amend.

8 **G. Fraud in the Inducement and Through Omission**

9 Plaintiff claims that Defendant First National Bank of Nevada
10 committed fraud in the inducement by luring Plaintiff into the loan
11 under false pretenses, that is, by declaring him qualified for the
12 loan when it was not supported by Plaintiff's ability to pay.  In
13 order to state a claim for fraud in the inducement, a plaintiff must
14 show that the defendant knowingly made a false representation with
15 the intent to induce the plaintiff to consent to the contract's
16 formation.  J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.,
17 89 P.3d 1009, 1017 (Nev. 2004).

18 Defendants were under no obligation to disclose the risks of
19 the loan and whether Plaintiffs could afford it:

> Although the Nevada Supreme Court has not ruled on the
> issue, this Court and the Ninth Circuit Court of Appeals
> have predicted that the Nevada Supreme Court would hold
> that a lender does not owe a fiduciary duty, as "an arms-
> length lender-borrower relationship is not fidcuiary in
> nature, absent exceptional circumstances."

Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5
(D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors
Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled
on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d

13

865 (9th Cir. 2007)); <u>see</u> <u>also</u> <u>Renteria v. United States</u>, 452
F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot
establish the reliance element of their claim because lenders have
no duty to determine the borrower's ability to repay the loan); <u>Oaks</u>
<u>Mgmt. Corp. v. Superior Court of San Diego Cty.</u>, 51 Cal. Rptr. 3d
561, 570 ("[A]bsent special circumstances . . . a loan transaction
is at arms-length and there is no fiduciary relationship between the
borrower and the lender.") (citations omitted).

Furthermore, a party alleging fraud "must state precisely the
time, place, and nature of the misleading statements,
misrepresentations, and specific acts of fraud." <u>Kaplan v. Rose</u>, 49
F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the
inducement cannot depend upon Plaintiff's allegations, Plaintiff's
claim for fraud in the inducement must be dismissed. Nor has
Plaintiff shown that there are any facts upon which a proper fraud
claim may be brought against Defendants, and therefore, Plaintiff
shall not be granted leave to amend this claim.

Plaintiff also alleges fraud by omission. Under Nevada law, a
claim for fraudulent concealment must plead that defendant concealed
or suppressed a material fact that he or she was under a duty to
disclose to the plaintiff. <u>Nev. Power Co. v. Monsanto Co.</u>, 891 F.
Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction
9.03). Like many of Plaintiff's claims, this claim fails on its
face because it is well-settled that lenders and servicers owe no
fiduciary duties to mortgage borrowers. <u>Megino</u>, 2011 WL 53086 at *5
(quoting <u>Yerington Ford</u>, 359 F.Supp.2d at 1090, <u>overruled on other</u>
<u>grounds by</u> <u>Giles</u>, 494 F.3d 865; <u>see also</u> <u>Kwok v. Recontrust Co.</u>, No.

14

2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); <u>Saniel v. Recontrust Co.</u>, No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev. June 23, 2010); <u>Renteria</u>, 452 F.Supp.2d at 922-23 (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); <u>Oaks Mgmt. Corp</u>, 51 Cal. Rptr. 3d at 570.

Plaintiff's allegations in support of these claims are vague and conclusory, asserting only that Defendants failed to disclose certain facts about the inner workings of the mortgage industry, that Plaintiffs were not qualified for the loans, and that Defendants had no right to foreclose on Plaintiffs' property. Moreover, Plaintiff cannot show that Defendants owed him a duty to disclose these alleged facts.  For this reason, Plaintiff's claim for fraud through omission must be dismissed without leave to amend.

## H. Slander of Title

Plaintiff's eighth cause of action is slander of title against Quality, Wells Fargo, and LSI Title Agency.  Plaintiff asserts that Defendants "disparaged the title to the Plaintiff's properties pursuant to recording Notices of Default that were defective" because Defendants did not have the authority to record those notices, and did not serve those notices upon Plaintiff.

To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." <u>Exec. Mgmt., Ltd. v. Ticor Title Co.</u>, 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default.  <u>See</u> <u>Sexton v. IndyMac Bank FSB</u>, No. 3:11-cv-437, 2011

15

WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default."); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale).  In filing the Notice of Default, Defendants stated that Plaintiff was in breach of the loan agreement due to nonpayment.  Plaintiff does not dispute that he is in fact in default.  Because the statement is not false, Defendants cannot be liable for slander of title.  Leave to amend to include a slander of title claim will therefore be denied as futile.

## I. Abuse of Process

Plaintiff's claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action.  Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-01873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted).  Accordingly, Plaintiff's claim for abuse of process shall be dismissed without leave to amend.

1

2                    **IV. Leave to Amend**

3        A court may grant a motion to dismiss without leave to amend if

4   "it determines that the pleading could not possibly be cured by the

5   allegation of other facts." <u>Cook, Perkiss & Liehe, Inc. v. N. Cal.</u>

6   <u>Collection Serv. Inc.</u>, 911 F.2d 242, 247 (9th cir. 1990). Because we

7   find that the pleadings cannot be cured by additional facts,

8   Plaintiff shall not be granted leave to file an amended complaint in

9   this action.

10

11               **V. Motion to Expunge Lis Pendens**

12       Defendants request that we expunge the notice of lis pendens if

13   the motion to dismiss is granted.  Nevada law provides that the

14   party who recorded the notice must establish that the party is

15   likely to prevail in the action.  NEV. REV. STAT. § 14.015(3). Because

16   all of Plaintiff's claims have been dismissed for failure to state a

17   claim upon which relief can be granted, and because the court has

18   found that leave to amend would be futile, we grant Defendants'

19   request that the notice of lis pendens be expunged.

20

21                     **VI. Conclusion**

22       **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's Motion to

23   Remand (#6) is **DENIED**.

24       **IT IS FURTHER ORDERED** that Plaintiff having failed to show good

25   cause for failure to serve, despite the 4(m) Notice (#28),

26   Defendants First National Bank of Nevada, First American Title

27

28                              17

1  Insurance Company, U.S. Bank National Association, and Robert Stone

2  shall be **DISMISSED**.

3       **IT IS FURTHER ORDERED** that Quality's Motion to Dismiss (#5) and

4  Wells Fargo's Motion to Dismiss (#17) are **GRANTED** with respect to

5  all of Plaintiff's claims without leave to amend.

6       **IT IS FURTHER ORDERED** that Wells Fargo's Motion to Expunge Lis

7  Pendens (#17) is **GRANTED**.

8       The Clerk shall enter judgment accordingly.

9

10 DATED: November 15, 2011.

11                                        *Edward C. Reed.*

12                                     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        18